1
2
3
4
5

Michael J. Perry, Esq. (SBN 123214)
(mjp@michaeljperrylaw.com)
A Professional Law Corporation
4640 Admiralty Way, Suite 500
Marina del Rey, CA 90292
Telephone:  310.496.5710
Fax:  310.306.3456

6
7

Attorneys for Plaintiff and Counter-Defendant
PSI SOLUTIONS INTERNATIONAL, INC.

8

9                    UNITED STATES DISTRICT COURT

10

11                FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

| 13  PRODUCT SOLUTIONS | CASE NO.:  CV 09-07425 R (CTx) |
|---|---|
| 14  INTERNATIONAL,  INC., a California corporation; | **PROTECTIVE ORDER.** |
| 15 | |
| 16                     Plaintiff; | |
| 17        v. | |
| 18 | |
| 19  IGO CONSOLIDATED CORPORATION SDN BHG, a | |
| 20  Malaysian corporation; FORMOSA PROSONIC EQUIPMENT, SDN | |
| 21  BHG; a Malaysian corporation; and DOES 1- 20, inclusive; | |
| 22 | |
| 23                     Defendants. | |
| 24  AND RELATED COUNTERCLAIMS | |
| 25 | |

26             GOOD CAUSE APPEARING

27

28             IT IS HEREBY ORDERED THAT:

1.    This stipulated Protective Order shall govern the designation and handling of confidential documents and information produced in discovery in this lawsuit by any person or entity.

2.    Any party producing or disclosing information in this action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating them in the manner set forth in paragraph 4 below. The designation of information as "CONFIDENTIAL" shall be limited to information which the disclosing party in good faith believes contains trade secret or other confidential research, confidential development or confidential commercial information. The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to extremely sensitive trade secret or other confidential research, development or commercial information that the disclosing party in good faith believes will result in competitive disadvantage if disclosed to any third party or any another party to this action. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" may only be used and disclosed as set forth in paragraphs 5 thru 10 below. However, the parties reserve their rights to challenge any such designations in accordance with the provisions of this order.

3.    Material that has not been preserved, acquired, or maintained in a manner reasonably calculated to preserve its confidentiality may not be designated as "CONFIDENTIAL" and no information obtained from a third party that is not

-2-

itself marked as "CONFIDENTIAL" may be so designated,  unless the documents were produced by the third party in confidence and within the parameters of a confidential document as described above.

4.    A producing party may designate documents or things which contain confidential information by marking each page or item so designated "CONFIDENTIAL" or  "CONFIDENTIAL--ATTORNEYS' EYES ONLY" in a size and location which makes the designation readily apparent, provided the designation should be affixed in a manner which does not affect the legibility of the document.  With respect to documents produced for inspection, the designation may be affixed either prior to inspection or added when actually copied for production or exchange.

5.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Protective Order.  Information disclosed at such deposition may also be designated as "CONFIDENTIAL"  or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" by notifying all of the parties in writing within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the

-3-

transcript which should be treated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" thereafter.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.  All deposition transcripts shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" for a period of fifteen (15) days after the receipt of the transcript.  To the extent possible, the court reporter shall segregate into separate transcripts information designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" with blank, consecutively numbered pages being provided in a non-designated main transcript.   The separate transcript containing "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information shall have page numbers that correspond to the blank pages in the main transcript.

6.   All material designated "CONFIDENTIAL" shall be treated as confidential and shall be controlled, secured and segregated in a manner that precludes access by any person not entitled to access under this Protective Order. "CONFIDENTIAL" material may be given, shown, made available to, or communicated only to:

(a)   The Court and Court personnel including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial;

-4-

(b)   Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation, provided such attorneys are bound by this Protective Order;

(c)   The named parties in this litigation (except if there is a "CONFIDENTIAL- ATTORNEYS' EYES ONLY" designation), provided their attorneys and named parties are bound (in writing) by this Protective Order;

(d)   Actual or potential independent experts or consultants retained for purposes of this litigation only and who have signed an Agreement in the form of Exhibit A attached hereto. Counsel for the party who disclosed the "CONFIDENTIAL" information shall retain all original signed agreements obtained from any person pursuant to this paragraph, shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

7.   Counsel for the parties shall obtain the parties signature on Exhibit A and provide the same to counsel for all other parties as a condition precedent for counsel receiving the "CONFIDENTIAL" information.

8.   All "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. Documents unintentionally produced without designation as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES

ONLY" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

9.     Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.  Nothing herein shall prevent any counsel of record from utilizing "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information in the preparation, examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY"  information, irrespective of which party produced such information.  Nor shall anything herein prevent any counsel of record from utilizing "CONFIDENTIAL" "CONFIDENTIAL--ATTORNEYS' EYES ONLY" or information in the examination or cross-examination of any current or former officers, directors, employees, agents or independent experts or consultants of the party producing the information.

10.     A party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage

of these proceedings with the designation by the designating party of any information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY," the parties shall first try to resolve such dispute in good faith on an informal basis, such as agreeing to the production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" specifically identifying the document(s) at issue. The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection (absent stipulation extending such time period), and failure to do so shall constitute a termination of the restricted status of such item. The Court may award monetary sanctions against a party and/or attorney who acted without substantial justification in connection with any such motion or the events leading up to the filing of such motion.

11.    The burden of proving that the information has been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" is on the party making the designation.

12.    Parties submitting information which has been designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to the Court shall endeavor in good faith to restrict their Court filings or other

submissions to "CONFIDENTIAL" information that is reasonably necessary for the Court to consider in connection with the issue or matter for which the information is submitted.

13.   Regardless of which party designated the information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" the party filing the "CONFIDENTIAL" information shall comply with the Federal Rules of Civil Procedure and local rules of this Court. In moving for an order sealing materials or portions thereof, a party will seek the sealing of only those documents, pages, or if reasonably practicable, those portions of documents or pages, which contain the information requiring confidentiality.

14.   If the party who wishes to use information designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation is the party who designated the information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" such party shall comply with Federal Rules of Civil Procedure and local rules of this Court.

15.   If the party who wishes to use information designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation is not the party who designated the information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY," counsel for such party shall

submit a declaration to all other counsel in this action stating:(a) that the party intending to file the "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY"  information is not the party who designated the information: (b) with sufficient particularity the description of the document(s) intended to be filed. The party who designated the information 'CONFIDENTIAL' or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall have 7 days from receipt of this declaration to file an application to seal the record pursuant to the Federal Rules of Civil Procedure and local rules of this Court.

16.    Within one-hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" document and all reproductions of such documents produced by a party, in the possession of any of the persons described in Paragraphs 6(b)-(d) shall, at the option of the producing party, either (1) be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial or (2) be destroyed, with certification of the destruction thereof.  The cost of returning any documents shall be incurred by the producing party. Notwithstanding the above provisions, outside counsel for the party receiving documents may retain one set of deposition and trial transcripts, marked exhibits, responses to interrogatories, document requests and requests for admission, and papers filed with the Court for archival purposes subject to the continuing obligations of this Protective Order.

-9-

17.     This Protective Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "CONFIDENTIAL" information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client.

18.     With respect to discovery material produced by a party as to which the party inadvertently failed at the time of production to assert a claim of attorney-client privilege or work product immunity, such production shall not be a waiver of any party's privilege or immunity claim.  Assertion of the privilege or claim of immunity shall be made in writing within 10 days of the producing party learning of the inadvertent disclosure.  Upon request of the producing party, a party receiving such discovery material shall return it and all copies thereof forthwith to the producing party provided that the cost, if any, for returning such discovery material shall be borne by the producing party. The non-producing party may, by motion, after conferring with opposing counsel in an effort in good faith to resolve by agreement any dispute regarding the producing party's subsequent assertion of attorney-client privilege or work product immunity, contest the producing party's claims of privilege or work product.  Any such motion may be made within thirty (30) days of the producing party's written assertion of privilege or immunity.  The determination of those claims will be made by the Court based on an *in camera* inspection of the discovery materials in question and without regard to the fact that

-10-

such discovery material has been produced.  Nothing in this Protective Order precludes a party from petitioning the Court for the return of later-discovered, inadvertently produced attorney-client privileged or work product immunity documents.

19.  If any party receives a subpoena or document request from a third party which purports to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other party to this action, the party receiving such subpoena or document request shall immediately: (a) notify the party who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request, and (b) shall not oppose any effort by the party which designated the material as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" to quash the subpoena or obtain a protective order limiting discovery of such material

20.  The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

21.  This Protective Order shall be binding upon the parties upon their signature hereto and by signing hereto each party agrees to comply with the terms

of this Protective Order and to be bound thereby regardless of whether or when it is approved by the Court.

22. The parties and all signatories to Exhibit A will remain bound by this Protective Order and the Court shall retain jurisdiction to enforce this Protective Order even after the termination of this litigation proceedings.

23. All time periods in this Protective Order shall be calculated in accordance with Federal Rules of Civil Procedure and local rules of this Court.

Dated:_March 29, 2010
_____

_____
Hon. Manuel L. Real
Judge of the United States District Court

-12-

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRODUCT SOLUTIONS INTERNATIONAL,  INC., a California corporation;<br><br>Plaintiff;<br><br>v.<br><br>IGO CONSOLIDATED CORPORATION SDN BHG, a Malaysian corporation; FORMOSA PROSONIC EQUIPMENT, SDN BHG; a Malaysian corporation; and DOES 1- 20, inclusive;<br><br>Defendants.<br>―――――――――――――<br>AND RELATED COUNTERCLAIMS | CASE NO.:  CV 09-07425 R (CTx)<br><br>CERTIFICATE    FOR    STIPULATED<br>PROTECTIVE    ORDER    REGARDING<br>CONFIDENTIAL INFORMATION |

I, the undersigned, hereby acknowledge that:  I have received and read a

-13-

copy of the Protective Order Regarding Confidential Information ("Order") entered

on _____ in filed in the United States District Court for the Central District of

California; I understand the provisions in the Order prohibiting the disclosure,

exploitation, or use of "CONFIDENTIAL" information or other discovery or

deposition testimony for any purpose or in any manner not connected with the

prosecution or defense of that case; I agree to be bound by all provisions of the

Order; I submit to the jurisdiction of the United States District Court for the Central

District of California; and I understand that sanctions may be imposed by the Court,

including an order of contempt, if I fail to abide by and comply with all the terms,

conditions and restrictions imposed by the Order.

     I declare under the penalty of perjury, under the laws of the State of

California, that the foregoing is true and correct.   Executed this ____ day of

_____, 2010, at _____.


                                             _____

                                           [Name Typed]
                                           [Address Typed